MICHAEL D. ROUNDS, ESQ., Nevada Bar No. 4734
mrounds@bhfs.com
STEVEN A. CALOIARO, ESQ., Nevada Bar No. 12344
scaloiaro@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5371 Kietzke Lane
Reno, NV  89511
Telephone:  775.324.4100
Facsimile:   775.333.8171

*Attorneys for Plaintiff SATA GmbH & Co. KG*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SATA GmbH & Co. KG, a German corporation,<br><br>     Plaintiff,<br><br>v.<br><br>TAIZHOU LUXI TOOLS CO., LTD, a Chinese Corporation,<br><br>     Defendant. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff SATA GmbH & Co. KG ("SATA") hereby states its complaint against Defendant TAIZHOU LUXI TOOLS CO., LTD ("LUXI") as follows:

## INTRODUCTION

SATA is a world leader in the production of paint spray guns, airbrushes, and workplace safety and security equipment, and other related products.  The SEMA trade show is currently underway at the Las Vegas Convention Center in Las Vegas, Nevada.  The Defendant is making their once-yearly appearance in the U.S. to exhibit and offer products for sale, including but not limited to paint spray guns that infringe SATA's U.S. trademarks.  The show began on Tuesday, November 1, 2016, and runs through Friday, November 4, 2016. The Defendant is a Chinese company presently attending and presently offering goods for sale at the SEMA trade show.  The Defendant is unlawfully displaying and offering for sale counterfeit paint spray guns that infringe upon SATA's U.S. trademarks.

**JURISDICTION AND VENUE**

1. This is an action for statutory trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*; for common law trademark infringement and unfair competition.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1119 and 1121, and pursuant to 28 U.S.C. §§ 1331 and 1367, because this action presents questions arising under the trademark laws of the United States to which Congress has granted exclusive subject matter jurisdiction to the federal courts. This Court has supplemental jurisdiction over Plaintiff's common law claims.

3. This Court has personal jurisdiction over LUXI based upon LUXI's infringing acts of advertising, displaying, and offering paint spray guns, and related products for sale in Las Vegas, Nevada at the SEMA trade show.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b) because Defendant does business in Nevada, has committed acts of infringement in Nevada, and is subject to personal jurisdiction in Nevada.

**THE PARTIES**

5. SATA is a German corporation established in 1907 and organized under the laws of Germany.

6. Upon information and belief, Defendant LUXI is a foreign business organization whose principal place of business is located in Wenling City, Zhejiang Province, China.

**GENERAL ALLEGATIONS**

*Background on SATA*

7. SATA is a German corporation established in 1907 under the laws of Germany.

8. SATA is a leading manufacturer of paint spray guns, paint spray gun reservoirs, and related equipment principally used to paint automobiles.

9. SATA's products are designed and manufactured in Germany and are sold to distributors worldwide.

018482\0002\15190573.3

10. Over the past century, SATA has been a leader in the production of paint spray guns, paint spray gun reservoirs, and related equipment. SATA's paint spray guns are highly valued, well known for their quality, performance, and durability, and are used by professional car repair businesses, automobile manufacturers, yacht and boat builders, carpenters, painters, airbrush/design creators, and hobbyists worldwide.

11. SATA offers a wide variety of paint spray guns, including handheld spray guns and spray guns for automatic painting systems.

12. SATA's strong reputation and goodwill in the industry is further bolstered by its strong commitment to aiding users of SATA products through free online and telephone services, such as tips for painting, a forum for discussion, useful measurement calculators, video tutorials, and even an encyclopedia of terms.

13. Due to the quality of its products and its international renown for technological innovation, SATA has achieved extensive sales throughout the United States and the world. In the United States, SATA annually produces and sells in excess of 100,000 paint spray guns annually. Over the last five years, on average, SATA enjoyed annual sales in the United States in excess of $25 million. Internationally, SATA has annual sales excess of $77 million dollars.

14. SATA also has prominently and extensively advertised and promoted products and services offered under the SATA Marks, throughout the United States and the world, through such varied media as the Internet, television, newspapers and magazines, and point-of-sale displays. SATA also operates websites at the <sata.com> and <satausa.com> domain names. As a result, SATA has developed substantial and valuable goodwill in the SATA Marks.

15. For many years, SATA has expended a million of dollars annually in advertising and promoting and marketing the SATA Marks in the United States.

### *SATA's Trademark Rights*

16. SATA owns approximately (100) United States trademark registrations for a variety of trademarks used in connection with SATA's products (hereinafter the "SATA Marks"). The trademark at issue in this case is:

- U.S. Trademark Registration No. 2,774,593, a design mark for a **blue** band of

018482\0002\15190573.3

1   color extended around the circumference of a paint spray gun air cap ring, the **blue** band

2   being narrower than the air cap ring, covering "paint spray guns;"

3   • U.S. Trademark Registration No. 2,793,583, a design mark for a band of [any]

4   color extended around the circumference of a paint spray gun air cap ring, the color band

5   being narrower than the air cap ring and of a color that contrasts with the air cap ring,

6   covering "paint spray guns;" and

7   • U.S. Trademark Registration No. 2,591,111, a word mark for the letters "RP" on

8   paint spray guns:

9   • True and correct copies of the marks at issue are attached hereto as Exhibit A.

10   17.   Through a long period of usage by SATA, the SATA Marks are well-known and

11   famous to customers and potential customers.  The SATA Marks serve as an indicator of the

12   origin and source of the goods sold and provided by SATA.

13   18.   The SATA Marks are arbitrary and inherently distinctive terms.

14   ### *The 2016 SEMA Trade Show/Discovery of Infringement*

15   19.   The SEMA trade show is one of the largest annual trade shows canvassing the

16   $477 billion automotive aftermarket industry.  Manufacturers and suppliers who attend SEMA

17   represent everything from air conditioning to computer systems, to paint/coating body repair,

18   hand tools, and similarly situated companies.  Exhibitors at SEMA generate business (*i.e.*, buy

19   and sell products) and develop and maintain business relationships with key customers and

20   suppliers.

21   20.   SEMA is currently being held between Tuesday, November 1, 2016, and Friday,

22   November 4, 2015, at the Las Vegas Convention Center in Las Vegas, Nevada, and features

23   thousands of exhibitors and exhibitor booths.  The 2015 SEMA trade show drew nearly 60,000

24   domestic and international buyers.

25   21.   On November 1, 2016, SATA representatives attended the SEMA trade show.

26   22.   While at the show, SATA representatives visited several exhibitor booths, and

27   observed the Defendant unlawfully displaying and offering for sale paint spray guns that infringe

28   upon SATA's federally registered trademarks.

018482\0002\15190573.3

4

23. One of SATA's major business challenges and a significant threat to its market is the manufacture and sale of infringing products from China.

### *Background on LUXI*

24. Upon information and belief, LUXI's principal place of business is located at Wenling City, Zhejiang Province, China.

25. Upon information and belief, LUXI is engaged in the manufacturing and marketing of a range of products, including, but not limited to, air painting gun, washing gun, blowing gun, inflating gun, greasing gun, gauge tool, and air tools kit.

26. LUXI maintains a website located at http://www.luxitool.com/index.asp.

27. Upon information and belief, LUXI sells and exports its products to customers "worldwide;" namely, North America, European Union, South-East Asia, Africa and the Middle East.

28. SATA is intimately familiar with LUXI, having successfully litigated two prior patent actions in China over the past three years. In both instances, SATA received a Judgment on the merits.

### *LUXI's Presence at SEMA*

29. LUXI is currently advertising, displaying, and offering for sale paint spray guns and related products SEMA Booth No. 15517.

30. The booth is staffed by several persons, including, a person whom SATA was lead to believe was Mr. XingGang Pan, LUXI's President.

31. When SATA's representatives visited the LUXI booth, they were provided with a business card, which lists an address for LUXI in Wenling City, Zhejiang Province, China. A true and accurate copy of the business card is attached hereto as Exhibit B.

32. SATA took photographs of the products that are on display in and that are being offered for sale from the booth. True and accurate copies of the photographs are attached hereto as Exhibit C.

33. Through these efforts, SATA discovered that LUXI is advertising, displaying and offering for sale products that infringe upon SATA's U.S. trademark rights.

018482\0002\15190573.3

5

34. At its booth, LUXI is displaying and offering to sell paint spray guns having a **blue** band of color extending around the circumference of the air cap ring and/or head ring (*see* Exhibit D), infringing the following SATA trademarks:

    a. U.S. Trademark Registration No. 2,774,593 (**blue** air cap ring); and

    b. U.S. Trademark Registration No. 2,793,583 (contrasting color air cap ring).

35. Also at its booth, LUXI is displaying and offering to sell paint spray guns with the letters "RP" affixed thereto (*see* Exhibit E), infringing the following SATA trademark:

    a. U.S. Trademark Registration No. 2,591,111, a word mark for the letters "RP" on paint spray guns.

36. Collectively, the items identified from paragraphs 33-34 above will be referred to as the "LUXI Infringing Products."

37. LUXI appear to be a foreign company, which outside of online sales does not appear to have a known or regular presence in the United States. Once LUXI is over (this Friday), the Defendant will leave the United States, presumably with orders for products that infringe SATA's trademarks, and will continue to sell infringing products from their business locations in China.

38. The Defendant knew or should have known that the LUXI Infringing Products infringe and/or dilute the SATA Marks. Thus, the Defendant acted knowingly, willfully, and in bad faith.

39. The Defendant adoption and use of the **blue** air cap rings and/or head rings and the word mark "RP", including on paint spray guns, places SATA's valuable reputation and goodwill in the hands of the Defendant, over whom SATA has absolutely no control.

40. The adoption and use by the Defendant of the **blue** air cap rings and/or head rings and the word mark "RP" tarnishes and dilutes the distinctive quality of the SATA Marks.

41. The adoption and use by the Defendant of the **blue** air cap rings and/or head rings and the word mark "RP" is likely to cause confusion, or to cause mistake, or to deceive persons wishing to purchase SATA's goods and services.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
303.223.1100

018482\0002\15190573.3

42. The Defendant is not now, and never was, entitled to advertise, market, and offer their paint spray guns for sale under a mark similar to the famous SATA Marks.

## Count I - Trademark Counterfeiting - 15 U.S.C. § 1114

43. SATA hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44. LUXI has used spurious designations that are identical with, or substantially indistinguishable from, the SATA Marks on goods covered by SATA's federal trademark registrations.

45. LUXI has intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods including, without limitation, at the SEMA trade show.

46. LUXI's use of the SATA Marks to advertise, promote, offer for sale, distribute and sell the LUXI Infringing Products bearing infringing trademarks was at all times and is currently without SATA's authorization, license, or consent.

47. LUXI's unauthorized use of the SATA Marks on and in connection with LUXI's advertisement, promotion, sale, offering for sale, and distribution of the LUXI Infringing Products at the SEMA tradeshow constitutes a use of the SATA Marks in commerce.

48. LUXI's unauthorized use of the SATA Marks is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that the LUXI's Infringing Products are the same as SATA's products and/or that the LUXI Infringing Products are authorized by, sponsored by, or approved by SATA, or that LUXI is affiliated with, connected to, associated with, or in some way related to SATA; (c) result in LUXI unfairly benefiting from SATA's advertising and promotion; and (d) result in LUXI unfairly profiting from SATA's reputation and trademarks all to the substantial and irreparable injury of the public, SATA, the SATA Marks, and the substantial goodwill they represent.

49. LUXI's acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

018482\0002\15190573.3

50. By reason of the foregoing, LUXI is liable to SATA for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at SATA's election, an amount representing three (3) times SATA's damages and/or LUXI's illicit profits; and (b) reasonable attorneys fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

**Count II - Trademark Infringement - 15 U.S.C. § 1114**

51. SATA hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52. Without SATA's authorization, license, or consent, LUXI has knowingly used and continues to use in commerce the SATA Marks in connection with the manufacturing, adverting, promoting, importing into, and selling in the United States the LUXI Infringing Products. LUXI has used the SATA Marks with the knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to, and/or trade off SATA's fame and the registered SATA Marks.

53. LUXI's use of the SATA Marks is likely to: (A) confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of LUXI and SATA and/or the LUXI Infringing Products and SATA's products; and (B) is likely to cause such people to believe in error that the LUXI Infringing Products have been authorized, sponsored, approved, endorsed, or licensed by SATA or that the LUXI Infringing Products are in some way affiliated with SATA.

54. SATA has no control over the nature or quality of the goods and/or services LUXI offers. Therefore, SATA's reputation and goodwill has been and continues to be damaged – and the value of the SATA Marks jeopardized – by LUXI's continued use of the SATA Marks and colorable imitations thereof. Because of the likelihood of confusion between the LUXI Infringing Products and the SATA Marks, any defects, objections, or faults found with the LUXI Infringing Products will negatively reflect upon and injure the exceptional reputation that SATA has

established for the products and services it offers in connection with the SATA Marks. As such, LUXI is liable to SATA for infringement of the SATA Marks pursuant to 15 U.S.C. § 1114.

55. LUXI's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to SATA's trademarks, business, reputation, and goodwill. SATA has no adequate remedy at law as monetary damages are inadequate to compensate SATA for the injuries caused by LUXI to its trademarks, business, reputation, and goodwill.

56. As a direct and proximate result of LUXI's conduct, SATA has suffered and continues to suffer damages to its valuable SATA Marks, and other damages in an amount to be proven at trial.

57. LUXI's infringement of SATA's registered trademarks is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the SATA Marks, and an exceptional case within the meaning of 15 U.S.C. § 1117(b).

58. SATA is entitled to permanent injunctive relief, as well as an award of LUXI's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116, and 1117.

## Count III - False Designation of Origin/Unfair Competition - 15 U.S.C. § 1125

59. SATA hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

60. LUXI's use, promotion, offers to sell, sale, and/or importation of the LUXI Infringing Products violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The SATA Marks are federally registered, and are entitled to protection under both federal and common law. The SATA Marks have distinctive appearances with unique and non-functional designs. SATA has extensively and continuously promoted and used the SATA Marks for many decades in the United States and worldwide. Through that extensive and continuous use, the SATA Marks have become well-known indicators of the origin and quality of SATA's products and have acquired substantial secondary meaning in the marketplace.

018482\0002\15190573.3

9

61. LUXI's use of colorable imitations of the SATA Marks constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the LUXI Infringing Products by creating the false and misleading impression that the LUXI Infringing Products are manufactured by, authorized by, or otherwise associated with SATA.

62. LUXI's use of colorable imitations of the SATA Marks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to SATA for which SATA has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the SATA Marks.

63. On information and belief, LUXI's use of colorable imitations of the SATA Marks has been intentional and willful.  LUXI's bad faith is evidenced at least by LUXI's use of marks identical to the SATA Marks on the LUXI Infringing Products.  SATA is entitled to injunctive relief, and SATA is also entitled to recover LUXI's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV - Common Law Trademark Infringement & Unfair Competition**

64. SATA hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65. SATA was the first to use the SATA Marks.  As a result of SATA's continuous promotion and sales of products bearing the SATA Marks, the SATA Marks have become widely known and SATA has been identified in the public mind as the manufacturer of the products to which the SATA Marks are applied.

66. As a result of the experience, care, and service of SATA in producing the products to which the SATA Marks are applied, these products have become widely known and have acquired a worldwide reputation for quality, styling, and utility.  Moreover, the SATA Marks have come to symbolize SATA's reputation for quality and excellence.  The SATA Marks have also acquired secondary meaning in the marketplace, and are non-functional.

67. LUXI, with knowledge of and with intentional disregard of SATA's rights, continues to advertise, promote, and sell products using the SATA Marks, or colorable and confusing imitations thereof. LUXI's acts are likely to cause, have caused, and will continue to cause confusion as to the source and/or sponsorship of SATA's products and services.

68. LUXI's acts alleged herein and specifically, without limitation, LUXI's use, manufacture, promotion, offers to sell, selling, and/or importing into the United States products that are confusingly similar to products bearing the SATA Marks, infringes SATA's exclusive trademark rights in violation of the common law.

69. LUXI's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to SATA's trademarks, business, reputation, and goodwill. SATA has no adequate remedy at law because monetary damages are inadequate to compensate SATA for the injuries caused by LUXI to its trademarks, business, reputation, and goodwill.

70. On information and belief, LUXI's use of colorable imitations of the SATA Marks has been intentional and willful. LUXI's bad faith is evidenced at least by LUXI's use of marks identical to the SATA Marks on the LUXI Infringing Products. SATA is entitled to injunctive relief, and SATA is also entitled to recover LUXI's profits, actual damages, punitive damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, SATA respectfully prays for:

A. Judgment that LUXI has: (i) willfully engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114; (ii) willfully infringed the SATA Marks in violation of 15 U.S.C. § 1114; (iii) willfully used false designations of origin and/or engaged in unfair competition in violation of 15 U.S.C. § 1125(a); and (iv) willfully violated SATA's common law rights in the SATA Marks.

B. A permanent injunction against further counterfeiting, infringement, false designation of origin, and unfair competition directed against the SATA Marks, by LUXI, its

018482\0002\15190573.3

officers, agents, servants, employees, attorneys, and all others in active concert or participation with any of them.

   C. An order, pursuant to 15 U.S.C. § 1116(d) and the Court's inherent authority, directing the seizure of all evidence of LUXI's unlawful conduct;

   D. A finding that this is an exceptional case within the meaning of 15 § U.S.C. 1117(a).

   E. An award of damages adequate to compensate SATA for the trademark infringements that have occurred pursuant to 15 U.S.C. § 1117(a), which amount shall include LUXI's profit's, SATA's damages, and the costs of the action.

   F. At SATA's election, either: (1) an award of damages adequate to compensate SATA for the intentional acts of trademark counterfeiting that have occurred, pursuant to 15 U.S.C. § 1117(b), which amount shall include three times of LUXI's profits or SATA's damages (whichever is greater), together with reasonable attorneys' fees; or (2) statutory damages in the amount of: (i) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just; or (ii) if the Court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just.

   G. An assessment of costs, including reasonable attorneys' fees and expenses, pursuant to 35 U.S.C. § 285, with prejudgment interest; and

   H. Such other and further relief as this Court deems just and proper.

DATED this 2nd day of November, 2016.

           BROWNSTEIN HYATT FARBER SCHRECK, LLP

           By: /s/ Steven A. Caloiaro
            MICHAEL D. ROUNDS, ESQ., Bar No. 4734
            STEVEN A. CALOIARO, ESQ., Bar No. 12344
            5371 Kietzke Lane
            Reno, NV  89511

           *Attorneys for Plaintiff SATA GmbH & Co. KG*

018482\0002\15190573.3

**EXHIBIT INDEX**

Exhibit A:  United States Trademark Registrations

Exhibit B:  Business Card of President

Exhibit C:  Photos of Infringing Paint Spray Guns on Display at SEMA

Exhibit D:  Photo of Infringing Paint Spray Gun

Exhibit E:  Photo of Infringing Paint Spray Gun (Word Mark RP)

018482\0002\15190573.3